UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| CITIZENS TRI-COUNTY BANK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 4:11-cv-4 |
| v. ) | |
| ) | Judge Mattice |
| TRAVELERS CASUALTY AND ) | Magistrate Judge Lee |
| SURETY CO.; and JASON GILLENTINE ) | |
| d/b/a GILLENTINE INSURANCE, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## **ORDER**

Before the Court are Plaintiff Citizens Tri-County Bank's Motion to Remand [Court Doc. 7] and Defendant Jason Gillentine's Motion to Dismiss [Court Doc. 9]. Plaintiff seeks to remand this action to Grundy County, Tennessee, Chancery Court based on a lack of diversity between itself and Defendant Gillentine. (*See* Court Doc. 7, Motion to Remand). Defendants Gillentine and Travelers Casualty and Surety Company ("Travelers") contend that Gillentine was fraudulently joined in order to defeat diversity. (*See* Court Docs. 2, 10, 13). To that end, Gillentine has moved that the Court dismiss him from this action. (*See* Court Doc. 9, Mot. to Dismiss).

This action concerns the payment of insurance proceeds relating to a piece of real property that was damaged by fire. In its Complaint, Plaintiff alleged that it was the lienholder or mortgagee on a home located in Grundy County, Tennessee. (Court Doc. 14, Am. Compl. at 2).[1] Plaintiff asserted that Travelers, through its agent Gillentine, issued an

---

[1] Plaintiff's Amended Complaint is substantially similar to its initial complaint filed in state court. The Amended Complaint omits Plaintiff's earlier reference to Defendant Travelers' "bad faith," reflects Travelers' correct business name, changes the requested means of service, and specifies the amount in controversy.

insurance policy covering the home, on which Plaintiff was listed as the lienholder or mortgagee. (*Id.*). According to the Complaint, Defendants "sent several notices to the Plaintiff stating that the Plaintiff was the lien holder under the insurance policy, to which the Plaintiff relied in making said loan [for the purchase of the property]. The Plaintiff further had conversations with Defendant Gillentine confirming said insurance was in effect and that the Plaintiff was properly secured." (*Id.*). Plaintiff stated that after the home incurred fire damage in December 2009, it requested payment of the insurance proceeds from Defendants, but Defendants refused to pay. (*Id.* at 2-3). Plaintiff sought "general relief," as well as damages not to exceed $225,000, based on "the Defendant's failure to pay under the terms of the insurance contract." (*Id.* at 3).

Plaintiff stated in its Complaint that it is a Tennessee corporation with its principal place of business in Tennessee. (*Id.* at 4). Defendant Travelers is a Connecticut corporation with its principal place of business in Connecticut. (Court Doc. 1, Notice of Removal at 2). Defendant Gillentine is a resident and citizen of Tennessee. (Am. Compl. at 2; Court Doc. 4, Gillentine Answer at 1).

Defendant Travelers removed this case to federal court on January 7, 2011.[2]

---

(*See* Am. Compl.). Other than these alterations, the pleadings are identical. (*See id.*; Court Doc. 1-1, Compl.). The Court accepts the amendments, and unless otherwise specified, this Order will reference the Amended Complaint as the operative pleading.

[2] Service of the Complaint was effected as to Travelers on December 2, 2010. (Notice of Removal at 1; Court Doc 1-1 at 1). Consequently, Traveler's Notice of Removal – filed January 7, 2011 – appears to be untimely. *See* 28 U.S.C. § 1446(b) (providing in relevant part that "[t]he notice of removal of a civil action or proceedings shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the [complaint]"). However, Plaintiff has failed to identify this issue in its Motion to Remand. (*See* Mot. to Remand). The Court cannot remand a case *sua sponte* based on a procedural defect. *Page v. City of Southfield*, 45 F.3d 128, 134 (6th Cir. 1995) (holding that 8 U.S.C. § 1447(c) "prohibits a district court from remanding *sua sponte* for a procedural defect"); *accord. RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009). The period in which Plaintiff could move to remand based on untimeliness has passed, and by failing to raise this issue, Plaintiff has waived it. *See* 28 U.S.C. § 1447(c); *Wis. Dept. of Corr.*

(Notice of Removal). In its Notice of Removal and accompanying brief, Travelers asserted that Gillentine was acting as an agent for a disclosed principal, and, as such, he was not subject to suit under Tennessee Law. (Doc. 2, Removal Br. at 2). Travelers argued that Plaintiff joined Gillentine to defeat diversity and that the exercise of this Court's jurisdiction is appropriate pursuant to the "fraudulent joinder" doctrine. (*Id.* at 3-4).

On January 27, 2011, Plaintiff filed its Motion to Remand and supporting brief. (*See* Mot. to Remand; Court Docs. 7-1 and 8, Remand Br.). Plaintiff alleged a lack of complete diversity between the parties, specifically, between itself and Defendant Gillentine. (Remand Br. at 3). Plaintiff claimed that remand would be improper, because it "has separate actions against each . . . defendant[]." (*Id.*). Plaintiff argued that "[i]n the event that Travelers were to contend that [Plaintiff] was never protected under the terms of the policy . . . then Gillentine would potentially be liable under a theory of negligent misrepresentation." (*Id.*).

On February 1, 2011, Defendant Gillentine filed his Motion to Dismiss and supporting brief. (Mot. to Dismiss; Court Doc. 10, Dismissal Br.). His brief echoes the arguments in Travelers' Notice of Removal. Specifically, Gillentine asserts that, because he is an agent working for a disclosed principal, he cannot be held liable for Travelers' alleged breach of contract. (Dismissal Br. at 2). He therefore concludes that he should be dismissed as a party. (*Id.* at 3). Plaintiff did not respond to Gillentine's Motion to Dismiss.

---

*v. Schacht*, 524 U.S. 381, 392 (1998) (holding that where a party alleges a defect in removal "because the removal took place after relevant time limits had expired," that party must file a motion to remand "no later than 30 days after the filing of the removal notice"); *Loftis v. United Parcel Svc., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003) ("[T]echnical defects in the removal procedure . . . may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived."); *see also RFF Family P'ship*, 316 F. App'x at 411 (reaffirming a prior panel's reasoning that a party's failure to raise a specific procedural defect in its timely motion to remand effectively waived that issue).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . ." 28 U.S.C. § 1441(a). To establish original jurisdiction through diversity, the removing party must demonstrate that the that the amount in controversy exceeds $75,000, and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity – no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[A] party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.") (quotation omitted).

Here, based on the face of the Complaint, removal would appear impermissible because Defendant Gillentine, like Plaintiff, is a citizen of Tennessee. (*See* Am. Compl. at 2). However, the Sixth Circuit has recognized that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493. A plaintiff's motive in joining non-diverse defendants is immaterial to determining whether joinder was fraudulent. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). To prove fraudulent joinder, the removing party must "present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Co.*, 13 F.3d 940, 949 (6th Cir. 1994). That is, "[t]here can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged

-4-

Case 4:11-cv-00004-HSM-SKL   Document 16   Filed 09/29/11   Page 4 of 10   PageID #: 61

or on the facts in view of the law . . . . Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *See Alexander*, 13 F.3d at 949 (quotation omitted); *see also Coyne*, 183 F.3d at 493 ("[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."). Any disputed facts and ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493. All doubts as to the propriety of removal are resolved in favor of remand. *Id.*

The exercise of federal diversity jurisdiction in this case turns on whether Defendant Gillentine was fraudulently joined as a party. Because Plaintiff's Complaint raises a state law breach of contract claim, the Court looks to the law of Tennessee. *See Jerome-Duncan, Inc.*, 176 F.3d at 907. It is well-settled under Tennessee law that "a contract with a known agent for a disclosed principal is the contract of the principal unless circumstances show that the agent intended to be bound or assumed the obligations under the contract." *Holt v. Am. Progressive Life Ins. Co.*, 731 S.W.2d 923, 925 (Tenn. Ct. App. 1987); *see Menuskin v. Williams*, 145 F.3d 755, 770 (6th Cir. 1998); *Sheets v. Kyle*, Case No. 03A01-9510-CH-00380, 1996 WL 198828 (Tenn. Ct. App. Apr. 25, 1996) ("If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone, unless credit has been given expressly and exclusively to the agent, and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone."). Relevant to the case at bar, the court in *Holt* held that the agent

-5-

Case 4:11-cv-00004-HSM-SKL   Document 16   Filed 09/29/11   Page 5 of 10   PageID #: 62

of a disclosed principal insurance company was not liable for the principal's failure to pay insurance benefits. *Holt*, 731 S.W.2d at 925-26; *accord. Sainaam Inc. v. Am. Nat'l Prop. & Cas. Co.*, No. 08-cv-1149, 2008 WL 4346679 at *3 (W.D. Tenn. Sept. 16, 2008).

Plaintiff apparently concedes that Defendant Gillentine served as Travelers' agent. (*See* Am. Compl. at 2) ("Defendant Travelers *through its agent*, Defendant Gillentine, issued an insurance policy . . . .") (emphasis added). In any event, the remainder of the Complaint and Plaintiff's solicitation of Gillentine's comments concerning the insurance policy administered by Travelers clearly demonstrate that all parties understood Gillentine to be acting within the scope of his agency at all relevant times.[3] (*See id.* at 2-3). Nothing of record indicates that Gillentine negotiated a separate contract with Plaintiff by which he alone intended to be bound. Likewise, Plaintiff did not allege in its complaint – and it has not alleged elsewhere – that Gillentine intended to assume the obligations of the existing insurance policy he negotiated on Travelers' behalf. Thus, under clear and settled Tennessee law, there is no reasonable basis for concluding that Plaintiff could recover on its breach of contract claim against Defendant Gillentine. *See Coyne*, 183 F.3d at 493; *Alexander*, 13 F.3d at 949. Significantly, although Travelers raised this very issue in its Notice of Removal and Gillentine reiterated it in his Motion to Dismiss, Plaintiff has not argued to the contrary. (*See* Removal Br. at 2-3; Dismissal Br. at 2).

In its Motion to Remand, Plaintiff attempts to retain Gillentine as a defendant by

---

[3] As Gillentine points out in his brief, his status as Travelers' agent is further supported by the language of T.C.A. § 56-6-115(b), which provides in pertinent part: "An insurance producer who solicits or negotiates an application for insurance shall be regarded, in any controversy arising from the application for insurance or any policy issued in connection with the application between the insured or insured's beneficiary and the insurer, as the agent of the insurer and not the insured or insured's beneficiary." (*See* Dismissal Br. at 2).

arguing that, if Travelers were to assert at trial that Plaintiff were never protected under the insurance policy, Gillentine would "potentially" be liable for negligent misrepresentation. (Remand Br. at 3). In support, it notes that Gillentine raised in his answer a "comparative fault" defense: "Fault implies negligence and Gillentine's assertion of comparative fault confirms that it is understood that [Plaintiff] is asserting a theory of negligent misrepresentation against Gillentine . . . ." (*Id.*). Plaintiff's argument is speculative at best.

The Tennessee Supreme Court has clearly delineated the elements of a claim for negligent misrepresentation:

> To succeed on a claim for negligent misrepresentation, a plaintiff must establish that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information and the plaintiffs justifiably relied on the information . . . . Tennessee has adopted Section 552 of the *Restatement (Second) of Torts* "as the guiding principle in negligent misrepresentation actions against professionals and business persons." The Restatement (Second) provides as follows: "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011) (citations omitted).

In its Complaint, Plaintiff makes only one cursory allegation concerning Gillentine's representations: that it "had conversations with Defendant Gillentine confirming said insurance was in effect and that the Plaintiff was properly secured." (Am. Compl. at 2). Plaintiff does not allege that it justifiably relied on Gillentine's representations, that Gillentine failed to exercise reasonable care, or even that the information Gillentine provided was false. *See Morrison*, 338 S.W.3d at 437. Based on the facts as set forth in

the Complaint, the Court cannot reasonably conclude that Plaintiff has raised a negligent misrepresentation claim, much less that Plaintiff could recover against Defendant Gillentine under that theory. *See Coyne*, 183 F.3d at 493; *Alexander*, 13 F.3d at 949; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to constitute a claim for relief under Fed. R. Civ. P. 8(a), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and "must be enough to raise a right to relief above the speculative level").[4] Although Plaintiff now contends that Defendants' various defenses and legal theories may give rise to a negligent misrepresentation claim, Plaintiff is mistaken. (*See* Remand Br. at 3). "[T]he plaintiff, not the defendants, remains the master of a complaint, including the master of what law [it] opts to invoke in filing a claim." *Ohio v. Brunner*, 629 F.3d 527, 531 (6th Cir. 2010) (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). Plaintiff identifies only one basis for recovery, and it does so expressly: "the Defendants' breach of contract." (Am. Compl. at 3).

As above, under Tennessee law, Gillentine is not liable for Travelers' alleged breach of contract. *See Holt*, 731 S.W.2d at 925-26. Likewise, based on the facts as alleged, there is no reasonable basis on which to conclude that Plaintiff is asserting a negligent misrepresentation claim against Defendant Gillentine or that it could prevail if it is. Because Defendants have met their burden of demonstrating that Plaintiff cannot prove

---

[4] Although the Sixth Circuit does not appear to have addressed the issue directly, the Court recognizes that other district courts have concluded that the "fraudulent joinder" standard is more deferential than the standard employed when analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as in *Twombly*. *See Boudreaux v. JPMorgan Chase & Co.*, No. 3:08-1124, 2010 WL 2901774 (M.D. Tenn. July 19, 2010); *Collins v. Bacon*, No. 1:05-cv-211, 2005 WL 2429844 (E.D. Tenn. Sept. 30, 2005). This Order does not reach that question, as Plaintiff's allegations fail under either standard.

a "cause of action against non-diverse defendants under state law," they have shown that Gillentine was fraudulently joined to this action. *Coyne*, 183 F.3d at 493. Therefore, the Court will **GRANT** Defendant Gillentine's Motion to Dismiss. [Court Doc. 9]. After Gillentine's dismissal, complete diversity among the parties exists, and as such, the exercise of this Court's subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1332(a). Thus, the Court will **DENY** Plaintiff's Motion to Remand. [Court Doc. 7].

Accordingly, and for the reasons stated, Defendant Gillentine's Motion to Dismiss [Court Doc. 9] is **GRANTED**, and Defendant Jason Gillentine, d/b/a "Gillentine Insurance," is hereby **DISMISSED FROM THIS ACTION**. Plaintiff's Motion to Remand this case to state court [Court Doc. 7] is **DENIED**.

Further, and in accordance with Federal Rule of Civil Procedure 16(b) and Local Rule 16.1, the parties are hereby **ORDERED** to appear for a scheduling conference before the undersigned at **11:00 a.m. EDT on October 18, 2011**, in Chambers, Room 104, 900 Georgia Avenue, Chattanooga, Tennessee. Should any party desire to reschedule the conference, it shall confer with all attorneys actively involved in this case and notify the Court by email to mattice_chambers@tned.uscourts.gov with three alternate dates and times. Parties will be notified by separate Order of the new date and time and should not contact chambers by telephone to reschedule.

**Prior to attending this conference, counsel are expected to discuss with their clients the possibility of consenting to have a United States Magistrate Judge conduct all further proceedings including trial and entry of a final judgment.** A consent form can be downloaded from the Court's website at:

http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf.

The purpose of this conference will be to discuss the possibility of settlement and to set a schedule for the expeditious management of the case. **All attorneys who are to be actively involved in this case are expected to be present in person.** Before attending the scheduling conference, the Court strongly encourages the parties to familiarize themselves with the Court's judicial preferences and standard forms – available at http://www.tned.uscourts.gov/judges.php?judge=3 – particularly the form used for the scheduling order, as those present will be expected to be prepared to discuss all matters discussed therein. The parties are also encouraged to comply with Federal Rule of Civil Procedure 26(f), requiring a discovery planning meeting, and Federal Rule of Civil Procedure 26(a)(1), requiring certain initial disclosures, before attending this scheduling conference. If the parties are unable to do so, the Court will order compliance at a time and place to be set forth in a scheduling order.

**SO ORDERED** this 29th day of September, 2011.

                                                                /s/Harry S. Mattice, Jr.
                                                                HARRY S. MATTICE, JR.
                                                                UNITED STATES DISTRICT JUDGE